## CIRCUIT COURT OF THE CITY OF RICHMOND

James Robert Harper

v.

Virginia Blood Services
and Clara Reed

October 11, 1994

Case No. LX-424-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, plaintiff has brought suit against his former employer and a former co-worker for defamation. He alleges that he was terminated and suffered other damages to his reputation after the employee defendant told the employer that the plaintiff had made statements to her which she considered personal. Plaintiff allegedly asked whether the defendant was single and if she lived alone. The motion for judgment also alleges that the defendant reported to the employer that plaintiff touched her inappropriately. Plaintiff claims that the "slanderous allegations" of the employee "were ratified [by the employer] as evidenced by plaintiff's termination."

Defendants, the employer and the co-employee, demur on the basis that (1) plaintiff's employment was terminable at will and (2) plaintiff's defamation claim is not a *per se* one and no special damage is alleged.

The fact that plaintiff may have been a terminable at will employee and that no special policy consideration has been alleged to have been violated to justify his termination, as in *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), is of no moment because the employment loss is said to be an element of damage resulting from defamation. It is up to plaintiff to show that the loss came about because of the defamation and not for other causes, including his employer's ability to terminate at will.

There is no basis in the pleadings to conclude that this is a case of defamation *per se*. While in a defamation case that is not *per se*, the plaintiff has to allege special damages, a claim of actual injury not confined to pecuniary loss, but including such elements as damage to reputa-

tion, standing in the community, embarrassment and humiliation, as here, is sufficient. *Fleming v. Moore*, 221 Va. 884, 275 S.E.2d 632 (1981).

For these reasons, the demurrer is overruled.